UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JANET S. GRAPENTINE,            )
     Plaintiff,                 )
                               )
     v.                         )       C.A. No. 13-343-M
                               )
PAWTUCKET CREDIT UNION,     )
     Defendant.               )
                               )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

     Plaintiff Janet Grapentine filed suit against defendant Pawtucket Credit Union ("PCU") in response to the impending foreclosure on her home. (ECF No. 2.) Ms. Grapentine contends that the threatened foreclosure, conducted pursuant to R.I. General Laws § 34-11-22, violates her right to due process because of the lack of a judicial hearing. *Id.* at 5. The mortgage deed foreclosure was stayed pursuant to a Case Management Order, Misc. No. 11-mc-88-M-LDA, issued on August 6, 2011. Before this Court is PCU's Motion to Dismiss due to lack of subject-matter jurisdiction. (ECF No. 3.)

     PCU contends that Ms. Grapentine's complaint does not involve a federal question or a violation of federal law, and the parties are not diverse, therefore it should be dismissed for want of jurisdiction. *Id.* Ms. Grapentine counters that she has three bases for federal jurisdiction: (i) federal jurisdiction under 42 U.S.C. § 1983; (ii) jurisdiction over state rights claims under 28 U.S.C. §§ 1337 and 2201; and (iii) federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 4-1.) The burden of proof in a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction falls on the party asserting jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

Since both parties concede that there is not diversity jurisdiction under 28 U.S.C. § 1332, this Court will consider whether it has jurisdiction based on any of the three other bases asserted by Ms. Grapentine:  (i) 42 U.S.C. § 1983; (ii) 28 U.S.C. §§ 1337 and 2201; or (iii) 28 U.S.C. § 1331.  After review of these statutes and Ms. Grapentine's arguments, this Court finds that none of these statutes confers subject-matter jurisdiction.

First, for Ms. Grapentine to state a § 1983 claim against PCU, she must assert two allegations in order to state a cause of action under the statute:  "(1) that some person deprived [her] of a federal right, and (2) that such person acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 635 (1980).  Ms. Grapentine alleges that she was deprived of her "property rights," which satisfies the first prong of the *Gomez* test. *See id.*  Under the second prong of the test, "a private party can be fairly characterized as a state actor if the circumstances of the case meet one of three tests:  the public function test, the joint action/nexus test, or the state compulsion test." *Alberto San Inc. v. Consejo De Titulares Del Condomonio San Alberto*, 522 F.3d 1, 4 (1st Cir. 2008) (citing *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5 (1st Cir. 2005)).  Since PCU is a private entity, the public function test is clearly not applicable.  The "joint action/nexus test" only "applies where private citizens are 'participant[s] in joint activity with the State or its agents.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (citation omitted)).  Here, Ms. Grapentine's complaint does not allege that there was 'joint action" taken, only that PCU acted in accordance with R.I. General Laws § 34-11-22, a state statute governing the statutory power of sale of real property.  This assertion does not satisfy the "joint action/nexus test."  Finally, the "state compulsion test" requires that "the [S]tate 'has exercised coercive power or has provided such significant encouragement" that the conduct in question is blatantly exercised by the

State. *Alberto San Inc.*, 522 F.3d at 4 (quoting *Estades-Negroni*, 412 F.3d at 5) (citation omitted). There is no such evidence or allegation in the complaint of coercion or significant encouragement by the State. Consequently, Ms. Grapentine has failed to state a § 1983 claim and therefore this statute cannot serve as a basis for federal jurisdiction.

This Court notes that another plaintiff seeking to challenge the constitutionality of a substantively analogous version of R.I. General Laws § 34-11-22 under 28 U.S.C. § 1983 on the grounds that he was deprived of his due process rights was unsuccessful. The First Circuit expressly stated that:

> Courts which have examined the constitutional validity of such non-judicial foreclosures have almost uniformly found that they do not involve 'state action' because, among other reasons: (1) state officials do not play any significant role (and often play no role at all) in the proceedings, and (2) the statutes which authorize 'power of sale' foreclosures generally do not create the right or compel its exercise, but simply confirm and to some extent regulate a right which was recognized under the common law and which exists in a given case by virtue of an agreement between the parties to the mortgage.

*Van Daam v. Chrysler First Fin. Servs. Corp. of R.I.*, No. 90-1116, 1990 WL 151385, at*2 (1st Cir. Sept. 28, 1990).

Second, Ms. Grapentine contends that this Court has jurisdiction because it has supplemental jurisdiction over state rights claims pursuant to 28 U.S.C. §§ 1337 and 2201.[1] Statute 28 U.S.C. § 1337 states in relevant part: "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating

---

[1] This Court contemplates that Ms. Grapentine meant to refer to 28 U.S.C. § 1367 granting supplemental jurisdiction to this Court for her state court claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Having denied Ms. Grapentine's claim for lack of subject-matter jurisdiction under §§ 1983 and 1331, this Court "decline[s] to exercise supplemental jurisdiction over the remaining state-law claims under § 1367(c)(3), which allows such a course if the court "has dismissed all claims over which it has original jurisdiction." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 635 (2009).

commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a).  Ms. Grapentine's claim challenges R.I. General Laws § 34-11-22; that does not "aris[e] under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." *Id.*  Regarding § 2201, the Declaratory Judgment Act, "[there] must be an independent basis of jurisdiction … before a federal court may entertain a declaratory-judgment action." *Alberto San Inc.*, 522 F.3d at 5.  Ms. Grapentine has failed to establish an independent federal claim, therefore relief under § 2201 is not appropriate. "Section 2201 is the cart; plaintiff still needs a horse." *Id.*

Finally, Ms. Grapentine contends that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because her case "presents a substantial federal question."  This contention fails, however, because, as the First Circuit noted in *Alberto San Inc.*, "[w]ith the § 1983 claim set aside, plaintiff is left without a federal case." *Id.* at 5.  "Section 1331 extends federal jurisdiction to 'those [cases] in which federal law creates the cause of action.'" *Id.* (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).  "[I]t does not itself provide relief." *Id.*  Since there is no independent federal statutory or federal common law claim, this Court does not have jurisdiction under § 1331.

Because this Court lacks subject-matter jurisdiction, this Court GRANTS PCU's Motion to Dismiss. (ECF No. 3.)

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
June 17, 2013

4